IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JALON D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-624-ECM-KFP |
| | ) | |
| JOY BOOTH and BEN A. FULLER, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Jalon D. Jackson, an indigent inmate at the Autauga Metro Jail, filed this 42 U.S.C. § 1983 action against District Judge Joy Booth and Circuit Judge Ben A. Fuller, alleging that Defendants violated his constitutional rights in connection with pending criminal charges against him. After a review of the Complaint, the undersigned finds this case is due to be DISMISSED, as set forth below.

**II.   DISCUSSION**

   **A.   Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

The Court granted Jackson leave to proceed in forma pauperis in this case. Doc. 3. Complaints by prisoners who are granted in forma pauperis status are subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In this case, Plaintiff claims his constitutional rights were violated when Defendants (1) falsely accused him in a case or cases where there was a lack of evidence and (2) harassed him when double jeopardy from an old charge apparently prohibited prosecution. Doc. 1 at 2–3. Based on these allegations, it is clear that Jackson's claims against Judges Booth and Fuller arise from actions taken while they presided over his pending state criminal cases. However, it is well established that a plaintiff may not maintain a suit for damages against judges acting in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies when the judge's action was in error, was done maliciously, or was taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice). Immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted). This immunity applies in § 1983 proceedings. *Wahl v. McIver*, *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985), 1172 (5th Cir. 1981).

Jackson's Complaint—stating merely that there is a lack of evidence in his pending cases and that double jeopardy applies—indicates the judges' alleged actions were taken as part of normal state court proceedings in relation to cases before them and do not support the implicit assertions that the judges did not act within their judicial capacity or

that their actions were taken in the complete absence of all jurisdiction. Thus, Judges Booth and Fuller are immune from civil liability damages. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356 (holding that judge was entitled to immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges the action was erroneous, malicious, or without authority). Accordingly, to the extent Jackson seeks monetary damages from Defendants, his claims are due to be dismissed under § 1915(e)(2)(B)(iii).

Additionally, a court may dismiss a complaint as frivolous under § 1915 if an affirmative defense, such as absolute immunity, would defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citing *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that parole board members entitled to absolute quasi-judicial immunity from suit for damages)). Alongside judicial immunity from damages, judges also receive protection from declaratory and injunctive relief. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" *Id.* (citing 42 U.S.C. § 1983; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).

In *Nestor v. Day*, perhaps recognizing that judges defending against § 1983 actions have absolute immunity from damages for acts performed in their judicial capacities, the plaintiff requested only declaratory and injunctive relief against the defendant judge. In determining whether judicial immunity applied, the court stated:

> Plaintiff's attempts to confine his requested relief to declaratory and injunctive relief against [the defendant judge] do not save his cause. Although both declaratory and prospective injunctive relief may be available in § 1983 actions even where judicial immunity would otherwise bar a claim, they are improper to redress Plaintiff's claims against [the defendant judge] here. Simply because these types of relief are available does not mean they are appropriate. "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). . . . Moreover, in order to receive declaratory or injunctive relief against a judicial officer, "there must be an inadequate remedy at law . . . [and a] state appellate process is an adequate remedy at law." *Tarver*, 808 F. App'x at 754.

No. 8:20-CV-265-CEH-TGW, 2021 WL 3617418, at *9 (M.D. Fla. Aug. 16, 2021). Because the plaintiff in *Nestor* did not allege that the defendant judge had violated a declaratory decree and because the plaintiff could have appealed the decision at issue to a state appellate court, judicial immunity barred his claims.

Similarly, in this § 1983 case, declaratory and injunctive relief are improper because there is no suggestion that Judges Booth and Fuller violated a declaratory decree, and Jackson's ability to appeal his pending criminal cases to the state appellate courts provides him an adequate remedy at law. *See Tarver*, 808 F. App'x at 754. Accordingly, Defendants have absolute immunity from Jackson's claims for damages, declaratory relief, and injunctive relief. Therefore, because the affirmative defense of absolute judicial immunity defeats Jackson's claims, regardless of the relief he seeks, the Complaint is due to be

dismissed under § 1915(e)(2)(B)(i) as frivolous. *Clark*, 915 F.2d at 640 n.2; *see also Pugh v. Balish*, 564 F. App'x 1010, 1011–13 (11th Cir. 2014) (affirming frivolity dismissal of plaintiff's claims and noting, "[w]here judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis").

### B. *Younger* Abstention

In liberally construing the Complaint, it appears that Jackson, in asserting that his pending state criminal charges lack evidence and violate double jeopardy, may intend to challenge the fundamental legality of those charges and that he seeks some form of injunctive or declaratory relief that prohibits his prosecution. If so, those claims are due to be dismissed under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. *Id*. at 44–45; *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger*, 401 U.S. at 37). Pursuant to *Younger*, federal courts should abstain from interfering with ongoing state criminal proceedings except in very limited circumstances. 401 U.S. at 43–45.

*Younger* abstention applies when state judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an

adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). Each of these elements is present here. First, Jackson has multiple pending criminal cases assigned to Judges Booth and Fuller in Autauga County, Alabama.[1] Second, his pending criminal cases implicate the important state interest of law enforcement. *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (recognizing that criminal proceedings, which are necessary to vindicate important state policies, implicate a state's interest) (citing *Middlesex*, 457 U.S. at 432). Finally, Jackson may raise clams attacking the evidence against him and his allegation of double jeopardy in the pending state court proceedings and, if unsuccessful at the trial level, on direct appeal before the state appellate courts.

Exceptions to *Younger* abstention apply when (1) prosecution will cause "great and immediate" irreparable injury; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*). The mere fact that Jackson must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Additionally, Jackson has identified no state law that he claims flagrantly and patently violates the constitution, he

---

[1] The Court takes judicial notice of Alabama's state court records system hosted at www.alacourt.com. *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

has not asserted bad faith or harassment that would justify excluding evidence or dismissing his cases, and he alleges no unusual circumstances warranting equitable relief. Therefore, no exceptions to *Younger* abstention apply here, and any claims seeking injunctive or declaratory relief with respect to Jackson's ongoing state criminal proceedings are due to be dismissed without prejudice under the *Younger* abstention doctrine.

### III.  CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1.  The claims against Judges Booth and Fuller be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  Any claims challenging the constitutionality of Jackson's pending state court cases and seeking injunctive or declaratory relief with respect to those cases be DISMISSED without prejudice under the *Younger* abstention doctrine.

It is further ORDERED that by **October 26, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of October, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE